Honorable Elizabeth S. Stong
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza
Brooklyn, New York 11201

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2013 APR 25 P 12: 19

RECEIVED/MR

April 23, 2013

## COMPLAINT

Your Honor:

Please accept this as my complaint and report of the what occurred while I awaited be heard yesterday April 22, 2013 at the hearing, as I attempted to seek assistance 11 USC § 1302(4), from Trustee Marianne DeRosa:

I approached the front where she was sitting to ask what order will my case be heard to address the motion to dismiss and giving her a complimentary copy of the affidavit with my monthly reports and deed I had filed on Friday. This is a copy of the one that you gave me back in Court yesterday and told me to re-file it.

I informed Ms DeRosa that a surrendered my interest in the Bronx property and showed her where my Chapter 13 Plan dealt with payments to creditors, surrender and motions to avoid liens. I explained why I don't owe $350 per month plan payments and why 11 USC § 522(f) motions to avoid liens where required by my Chapter 13 Plan to be addressed by her, and the pending Adversary Proceedings.

Ms. DeRosa immediately became loud and augmentative claiming that she never received a copy of my Chapter 13 Plan, (she repeated on the record) claiming none of the creditor received it either. She also stated that "if the motions you want me to pursue takes 5 years, do you think you don't have to pay plan payments?" Then Ms. DeRosa ordered me, in a loud and disrespectful manner "go back to your seat Mr. Clark your too close to me!"

Ms. DeRosa came back to where I was seated asking me to explain what I meant by saying in my 4-19-13 affidavit:
> "a reading of my filed September 21, 2012 Chapter 13 Plan states 3(a) "The trustee shall only distribute payments, including adequate protection and conduit mortgage payments, to creditors what have actually filed proofs of claim (including adequate proof of security) that are deemed allowed pursuant to 11 U.S.C Section 502(a)."
>
> Thus, since FMCC nor BAC has not filed Proofs of claim and nor has Your Honor decided the motions pursuant 11 USC § 522(f) no $350 payment are due on the "Chapter 13 Plan" and the only possibility of an "allowed secured claim" (Plan @ 2a) left, is Chase Home Loans".

My answer was that "it was explained in my Chapter 13 Plan but I will show you that the Bankruptcy Code requires that only creditors that file a Proof of Claim as defined under Rule 3001 will receive a Plan payment." Ms. DeRosa said "Mr. Mooney filed a claim and so did Bank of America". She then went back to her seat in the front of Courtroom. A few minutes later I took my book Bankruptcy Code, Rules book up to Ms DeRosa and showed her Rule 3001 requiring the filing of a Proof of Claim on an official form that must include a prima facie evidence statement of the arrears and how much was required to cure a default."

Ms. DeRosa said that "Ford and Bank of American was never served a copy of your Chapter 13 Plan, and they don't have to file a statement to let you keep that Land Rover or your house because you can't amend a first mortgage payment! You did not serve the President of Bank of America with your 13-Plan or your Adversary Complaint, which is required! I don't have to file avoidance motions, and they filed proof of claims that I accept".

I said, "if all of a sudden these Proof of Claims conforming to 3001 are appearing on the docket, they were fabricated and just put there; because I have several copies of the docket from different dates and they were not there before. I have never been served with copies of these Proofs of Claims either." Again, this conversation was held in a tonality where I was made a spectacle, and embarrassingly loud as Ms DeRosa again ordered me back to my seat. Then Ms. DeRosa provided Mr. Martin A. Mooney, Esq , counsel for Ford Motor Credit Company the complimentary copy of my 4-19-13 affidavit I had just gave her.

When Ms Jackson announced on the break that I would be next when Your Honor returned, I took my belongings and sat before the bench opposite of Ms. DeRosa. Mr. Mooney returned the copy of my affidavit to her and they had a conversation. Then Ms. DeRosa said "you never served the President of Bank Of America with your Adversary Complaint who must be served with it, and your Chapter 13 Plan. Ford also was never served with a copy and they did file a Proof Of Claim! I can set up a monitor on the desk and let you see the docket for yourself!"

I had 3 separate files with 3 separate sets of notes to present my arguments before Your Honor at the hearing the Trustee's Motion to Dismiss, FMCC motion to vacate stay and Bryan Cave, LLP's motion for Bank of America. Ms. DeRosa came over to where I was sitting with her book and arguing the point that, among other things, Mr. Mooney, the IRS nor Bank of America was properly served. When Ms. DeRosa left my area and as the lawyers appearing in front of us had almost completed their case, I suddenly could not find my prepared notes to argue against FMCC. I kind of panicked, but continued to search while arguing my case and even returned to my seating area while the case was being presented. But did not find my notes and could not present my issues well.

Upon returning to my home, I searched my entire brief case and files several times and thus believe as sad as it may sound, Ms. DeRosa may have taken my FMCC notes.

Therefore, I hereby request a copy of the Court room video surveillance and audio be made available to me, since I believe it was on and recording even when Your Honor was not present in the Courtroom during the morning of April 22, 2013.

Furthermore, I hereby request that the $1,750 I paid on my Chapter 13 Plan be refunded immediately, since no Chapter 13 Plan Payments are due, and may have been contrived to create hardship and a ploy to dismiss my Bankruptcy case. Also, I hereby request that another Trustee be assigned to assist me in this Chapter 13 case pursuant to 11 USC§ 1302(4), with the matters pertaining to perfecting my Chapter 13 case, based upon my Chapter 13 Plan.

The fact Ms. DeRosa accuses the Clerk of the Court as not having served copies of my Chapter 13 Plan upon herself or my creditors, is sacrilegious and disproved by the fact that her motion to dismiss hinges upon my lack of "Plan Payments" and the fact that all creditors have filed objections to my Chapter 13 Plan, stands to demonstrate Ms. DeRosa has a propensity testify untruthfully.

Also, since Ms. DeRosa, claims that the Court Docket now contains entries of Proofs Of Claims that were not on the Docket before, I hereby request that an investigation be done to ascertain whether or not there is conclusion with others, Ms. DeRosa, and creditors to fabricate evidence on the docket, inter alia, for the sake of availing creditors of their failures to file Proofs of Claims and any other issues.
Respectfully submitted,

*[signature]*
Gerard L. Clark

Cc: Eric Holder U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Clerk's Office For United States Court of Appeals
For the Second Circuit
For filing under Docket #13-1440
Thurgood Marshall U.S. Courthouse
40 Foley Square,
New York, NY 10007

Marianne DeRosa, Trustee
115 Eileen Way, STE 10-5
Syosset, NY 11791